IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

RECEIVED

2006 AUG 28 A 10: 05

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

2:06CV783-ID

Frederick Ross #85861
John Greer #87837
Full name and prison number
of plaintiff(s)

v.

Sheriff D.T. Marshall
Montgomery County
Commisson Richard
Allen

Name of person(s) who violated
your constitutional rights.
(List the names of all the
persons.)

CIVIL ACTION NO. 2:06-CV-771-ID
(To be supplied by Clerk of
U.S. District Court)

I. PREVIOUS LAWSUITS
   A. Have you begun other lawsuits in state or federal court dealing with the same or similar facts involved in this action? YES (✓) NO ( )

   B. Have you begun other lawsuits in state or federal court relating to your imprisonment? YES ( ) NO (✓)

   C. If your answer to A or B is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

      1. Parties to this previous lawsuit:

         Plaintiff(s) John Greer

         Defendant(s) Sheriff David Warren

      2. Court (if federal court, name the district; if state court, name the county) N/A

3. Docket number N/A

4. Name of judge to whom case was assigned _____

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) It was dismissed.

6. Approximate date of filing lawsuit _____

7. Approximate date of disposition _____

II. PLACE OF PRESENT CONFINEMENT Both are Confine At Montgomery County Denkation Facility

PLACE OR INSTITUTION WHERE INCIDENT OCCURRED Same As Above

III. NAME AND ADDRESS OF INDIVIDUAL(S) YOU ALLEGE VIOLATED YOUR CONSTITUTIONAL RIGHTS.

NAME | ADDRESS
1. D.T Marshall Montgomery Sheriff Department
2. Richard Allen, Ala Dept of corrections
3.
4.
5.
6.

IV. THE DATE UPON WHICH SAID VIOLATION OCCURRED June 8, 2006

V. STATE BRIEFLY THE GROUNDS ON WHICH YOU BASE YOUR ALLEGATION THAT YOUR CONSTITUTIONAL RIGHTS ARE BEING VIOLATED:

GROUND ONE: See Attached paperwork

2

STATE BRIEFLY THE FACTS WHICH SUPPORT THIS GROUND. (State as best you can the time, place and manner and person involved.)

See Attach paperwork

**GROUND TWO:** _____

**SUPPORTING FACTS:** _____

**GROUND THREE:** _____

**SUPPORTING FACTS:** _____

VI.  STATE BRIEFLY EXACTLY WHAT YOU WANT THE COURT TO DO FOR YOU. MAKE NO LEGAL ARGUMENT.  CITE NO CASES OR STATUTES.

Change the condition's in the Montgomery County Detention Facility

*Frederick Ross*  *John Greel*
Signature of plaintiff(s)

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on August 23, 2006
              (Date)

*Frederick Ross*  *John Greel*
Signature of plaintiff(s)

4

IN The United States District Court for The Middle District of Alabama

John Greer #87837
Frederick Ross #85881
Plaintiff's

Case No # 2:06cv771-ID

-VS-

Sheriff D.T. Marshall
Montgomery County Commission
Commission, Ricard Allen extal
Defendant's

## Complaint

### Count I

1. Plaintiff John Greer, is presently housed at/IN the Montgomery County Jail also Known as Montgomery County Detention Facility [here in after Greer]

2. Plaintiff Frederick Ross, is presently housed at/IN the Montgomery County Jail also Known as Montgomery County Detention Facility [here in after Ross]

3. Defendant Sheriff O.T. Marshall is the Sheriff of the Montgomery County Detention Facility and partially responsible for the operation, budget and activities of the employee's that work there [here in after Marshall]

4. Defendant Montgomery County Commission is responsible for the appropiation or funds to operate the jail and hiring of employee's.

5. Defendant Alabama Department of Correction commissioner Ricard Allen is responsible for the Conditions of the montgomery County Jail also known as the montgomery County Detention Facility as mandated by the Alabama Legislature, [here in after Allen]

## Count II

The Plaintiff's realleges count I and aver's the following: Greer alleges that defendant's Marshall, and the montgomery county commission have failed to appropariate funds to provide him with a safe, adequately vert cell and funds to repair the ventilation system within his cell, 3rd Floor A. Dorm 4 cell. That the failure of defendant's is a Violation of Greer 8th and 14th amendment rights provided by United States Constitution Greer is subject to oppressive heat over elven (11) hours in four (4) cell on the 3rd floor A dorm without any ventilation Greer has requested to be moved or the ventilation system be repaired. The defendant have failed on all request and failed to provide funds for it's repair.

ge 2

## Count III

The Plaintiff's realleges count I and II and aver's the following: Ross, and Greer, alleges the defendants marshall, Allen, and The Montgomery County Commission have failed to hire an adequate number of employee's to operate the County Jail, And appropriate funds to operate it. In order to provide Plaintiff's with their Constitutional Right to daily exercise for forty five (45) minutes a day.

The Defendant's: Marshall, Allen and Montgomery County Commission are using the montgomery County Detention facility to house Pre-trial detainess from 6 months up to 3 years before adjudication of their criminal trials, and (30) thirty days after their conviction and sentence as a temporary prison until they can Sencure a bed for them in the Alabama Department of Corrections.

Due to this over crowding conditions it poses a security threat and a lack of manpower which prevent the daily exercise of Greer, and Ross and violates their Constitutional Rights.

## Count IV

The Plaintiff's realleges count I, count II and count III and aver's the following Greer, and Ross alleges that defendants marshall and montgomery County Commission have implement a policy and regulations Calls procedure 3, [That no legal documents will be notarized unless

page 3.

it's federal Document, $.50 per Copy.]

This regulation is a violation of State Law, and Greer, and Ross Constitutional right to acess to copy, and due process of the Law. Plaintiff's have been attempting to file state court petitions for writ of habeas corpus, Civil Complaint's and petitions for writ of Mandamus. But have not been able to because the defendant's have intentionally enacted a regulation to prevent the notaring of State Court, Affidavit of substanital hardship form. which prevent plaintiff's form access to court to petitions the State Court for reddress of their grievances. Plaintiff's ordered that all State Court documents that require notary Service be made available to all inmates housed in the Montgomery County Detention facility.

## Count V

The Plaintiff's realleges Count I, II, III, and IV and aver's the following: Greer and Ross alleges that the defendant's Marshall, Allen and the Montgomery County Commission failed to implement policies, practices and provide funding to premit the Plaintiff's the right to weekly practice of their religion of Choice, Islam or Christian. The Plaintiff's have request the right to go to the chapel on friday's and Sunday's and the defendant's will not answer Said request. No effort is made by the defendant's to provide plaintiff's their constitutional rights and

ge 4.

plaintiff's are due just compensation and injuntive relief ordering the defendant's to provide all inmates including the plaintiff's the weekly right to exercise their religion of choice. Especially since the defendant's house inmates for a period of six months to three years in the montgomery County Detention facility before the adjudication of their Criminal Charges.

## Count VI

The plaintiff's realleges Count I, II, III, IV, and V and avers the following: Greer and Ross who are both indigent allege that the defendant's Marshall and montgomery County commission have failed to appropriate funds to provide inmates Soap for bathing. This is a violation of the plaintiff's 8th and 14th amendment right provided by the united State Constitution and the Statutory rights provided by the Alabama legislature plaintiff's have filed request using the procedures provided by the defendant's, requesting additional Soap for bathing. The defendant's have enacted a policy that requires plaintiffs to wait (30) Thirty days before they can request additional Soap to bath even though they were out of Soap prior to the mandatory (30) thirty days before they could request more Soap.

## Count VII

The plaintiff's realleges Count, I, II, III, IV, V, VI, and avers the following: Greer, Ross, Allege that the defendant's have provide adequate

funding and supervision to assure that plaintiffs laundry is properly washed and clean. The Plaintiff's send their laundry out weekly and each week it returns unclean and with a foul smell.

The defendant's failure is a violation of the plaintiff's constitutional right. Plaintiffs request of this court to grant the plaintiff's injuntive relief directing the defendants to purchase new washers and additional employee's to operate the laundry department.

## Count VIII

The Plaintiff's realleges Counts I, II, III, IV, V, VI, and VII and avers the following: The defendants Marshall, Allen, and the Montgomery County Commission failed to request and appropiate funds to properly place adequate second bed in each cell. Greer and Ross have been subject to the pain and difficult task of climbing upon the top bed in their assigned cells. This second bed is unusally and extremely high without any provisions considered by the defendants how the Plaintiff's are to climb up into these top bed.

Plaintiff's are requesting injuntive relief directing the defendants to install ladders or a step of some sort too assist plaintiffs and other inmates acess to the top beds in the Montgomery County Detention facility.

Page 6.

### Count IX

The Plaintiff's realleges Counts I, II, III, IV, V, VI, VII, and VIII and aver's the following. The defendant's Marshall, Allen, and the Montgomery County Commission failed to request and appropriate adequate funds for food and employee's to prepair it. The defendants are failing to provide the Plaintiff's Greer and Ross three (3) hot meals a day. The American Corrections association and established law requires that the defendants provide the plaintiff's hot meals daily. The defendant's are violating plaintiff's 8th and 14th Amendment rights provided by the United States Constitution. As the defendants do not provide the plaintiff's but (1) one hot meal a day Monday thru Friday, and (2) two hot meals Saturday and Sunday.

### Count X

The plaintiff's realleges Counts I, II, III, IV, V, VI, VII, VIII, and IX and aver's the following Greer was a pre-trial detainee when he entered the Montgomery County Detention facility. The defendant's have established a regulation that prohibits Greer of his rights to seek his right to marry while being detained in the Montgomery County detention facility.

The regulation 3.(J). of the inmate rules and regulations of Montgomery County Detention facility violates Greer 1st and 14th amendment right to enter into a marrial relationship. As it serves no reasonable security purpose for the defendant's. Therefore the defendants are

Violating Greer Constitutional rights.

### Count XI

The Plaintiff's realleges counts I, II, III, IIII, V, VI, VII, VIII, IX, and X, and aver's the following: Ross pre-trial Status preserves him the right to maintain his family and friends relationship in Society pending the adjudication of his criminal charge while housed in the Montgomery County Detention facility. This right to maintain relationship with family and friend, Also encompass protection of Ross right to effective counsel in his pre-trial Status. As family and friends become and are investigators when Attorney's fail to vist their clients and interview witnesses.

The defendant's policy of a vistation form with only space for approval of two (2) visitors serves not reasonable security need of the defendant's. But deprive Ross, of acess to his children family members and friends. Ross is only allowed to change this vistation list only once (1) a month and is requesting injuntive relief directing the defendant's to expand the visitation list to at least six (6) visitors.

## Count XII

The plaintiff's realleges Counts I, II, III, IV, V, VI, VII, VIII, IX, X, and XI and aver's the following: Greer and Ross. The defendant's have the capacity to pre-program the attorney's in the Greater Montgomery area premil free phone calls to the Attorney's office. Greer and Ross and other inmate are on an average to remain in the Montgomery County Detention facility (60) sixty to (90) ninty days before they are taken to court and provided an preliminary hearing. Within this time Greer, and Ross recieve one (1) or no vists from their attorney's. Therefore losing the chance to secure witnesses and evidence that would establish the State of Alabama was without probable cause to arrest or search them. This failure subjected Greer and Ross to futher interaction with the Judicial system and months of futher incarceration.

The defendant's have no reasonable security reason's not to provide plaintiff's and other inmates with free phone calls to their attorney's. Plaintiff's request injuntive relief with an order directing the defendant's to program their phone system with their Attorney's of record phone numbers within the Montgomery area.

### Count VIII

The Plaintiff's realleges counts I, II, III, IV, V, VI, VII, VIII, IX, X, XI, and XII aver's the following Greer and Ross 8th amendment Rights are being violated by the defendants charging $3.00 dollars to clip their toe nails. The Plaintiff's are wards of the Montgomery County Detention facility who are responsible to provide basic health care needs. This primary health care need is simply provided to the plaintiff's by the defendants simply as they do razor blade.... Sign the nail clippers toenail clippers out to the Plaintiff's to use and then pick them back up after they have been used.

Fingernails can be used as a weapon, and toenails can become a serious health care problem with in-grown toenails. The defendants cannot justify this as a security need or as a health care copayment requirement. It's simply an abuse of process implemented by them to hog money. And the plaintiff's moves the court for injuntive requiring the defendants to provide the plaintiff's nail clippers on each floor of the jail without charge.

### Count IX

The Plaintiff's counts, I, II, III, IV, V, VI, VII, VIII thru VIII and aver's the following: Greer and Ross 1st and 14th amendment rights in article I Section 13 of the 1901 Constitution of Alabama are being violated by the defendants Marshall, Allen and the Montgomery County Commission due to the failure to appopriate funds to provide and adequate law libary and

page 10.

hire employee's to allow plaintiff's more than thirty (30) minutes a week usage. The defendant's Greer and Ross the right to acess to court and due process of the law based upon the following materials, procedures, books, And legal assistance.

1. The defendant's will premit Plaintiff's only thirty (30) minutes in the law libary.

2. The defendant's provide no Shepard Citiions to perform Legal Rescearch

3. The defendant's provide no legal paper to indigent plaintiff's to prepare their legal pleadings.

4. The defendant's provide no carbon paper to prepare legal pleadings, and make copies.

5. The defendant's provide no legal forms to prepair legal petitions and civil suits such as civil cover sheets, summons and docket

6. The defendant's provide no copies for the indjent plaintiff's.

## Count IV

The plaintiff's realleges counts I, II, III, thru VI and avers the following. The defendant's marshall, Allen and the Montgomery County Commission have failed to appropriate funds to provide filtered clean water and provide ice for drinking water.

The defendant's have housed Plaintiff's in the montgomery County Detention facility and do not have facilities that premits inmates clean filtered water. Plaintiff's request injuntive relief in form that defendant's be ordered to provide drinking machines that filter clean water.

## Count XVII

The Plaintiff's realleges Counts I thru IV and avers the following: The defendant's Marshall, Allen and the montgomery county commission have failed to appopriate funds to permit the G.E.D program to all inmates. Due to over crowding the defendant's hold a pre-trial detainee from six (6) months up to three (3) years in the montgomery County Detention facility denying the inmates acess to education by implementing a policy that no inmates over the age of twenty-one (21) years of age can enroll in the G.E.D programs. This is a violation of the inmates 14th amendments rights provided by the United States Constitution.

age 12

## Relief

1. Plaintiff's demands compensatory damages in the amount of $100,000 dollars.

2. Plaintiff's demands punitive damages in the amount of $150,000 dollars.

3. Plaintiff's demands delamatory and Injuntive relief as this Court deem proper and just.

John Greer #87837
Montgomery County Detention Facility
P.O. Box 4599
Montgomery, Alabama 36103

x *John Greer*

Frederick Ross #85881
Montgomery County Detention facility
P.O. Box 4599
Montgomery Alabama 36103

x *Frederick Ross*