IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN GREER,<br>AIS #87837,<br><br>　　　　Plaintiff,<br><br>V.<br><br>SHERIFF D.T. MARSHALL, et al.,<br><br>　　　　Defendants. | Civil Action No.<br>2:06-CV-783-ID (WO) |

### SPECIAL REPORT

Comes now Defendant Richard Allen, by and through the undersigned counsel in the above-styled action, and files this Special Report as follows:

### PLAINTIFF'S ALLEGATIONS

The Plaintiff's complaint states a variety of alleged violations in the Montgomery County Detention Facility.

### DEFENSES

Defendant Allen alleges that he has not violated the Plaintiff's constitutional rights, and demands the strict proof thereof.

Defendant Allen alleges that the Plaintiff has failed to state a claim upon which relief can be granted against him as Commissioner of the Alabama Department of Corrections.

Defendant Allen alleges he is entitled to qualified

immunity against the claims of the Plaintiff.

Defendant Allen alleges that as Commissioner, he is entitled to absolute immunity against the claims of the Plaintiff.

Defendant Allen pleas the general defense.

Defendant Allen alleges that the Plaintiff has failed to state a claim upon which a 42 U.S.C. § 1983 action can be maintained.

Defendant Allen alleges that the claims of the Plaintiff are barred pursuant to the Prisoner's Litigation Reform Act.

Defendant Allen reserves the right to amend his defenses, including additional affirmative defenses, upon the receipt of information through discovery and otherwise.

Defendant Allen files an answer and a demand for a jury trial pursuant to the local rules of this Court.

The Plaintiff fails to specify any facts connecting this Defendant's alleged actions as to the operation of the Montgomery County Detention Facility.

## STATEMENT OF FACTS

Inmate Ross alleges that Commissioner Allen has some responsibility for the operation of the Montgomery County Detention Facility. Inmate Ross is under the custody of the Sheriff of Montgomery County and not Commissioner Allen. (Affidavit of Richard Allen).

**ARGUMENT**

Clear, the Plaintiff has sued the wrong person in his claim against Commissioner Allen. The Plaintiff seeks to impose responsibility upon this Defendant for the alleged actions or inactions of the Montgomery County Detention Facility.

It is the Defendant's position that Plaintiff cannot rely on a theory of respondent superior to render a defendant liable under 42 U.S.C. 1983 or 1985. The common law doctrine of Respondent Superior is not applicable to render a superior liable under 42 U.S.C. 1983 for the alleged unconstitutional acts of others. <u>Monell v. New York City Department of Social Services</u>, 436 U.S. 658, 98 S.Ct. 2018, 45 L.Ed.2d 611 (1978). The mere right to control without any control or direction having been exercised is simply not sufficient to establish liability under §1983, <u>Rizzo v. Goode</u>, 96 S.Ct. 598 (1976).

Although the Supreme Court based its ruling on the language of §1983, there are also many sound policy reasons for not applying Respondent Superior to civil rights cases. The doctrine is a tort law term and the functional equivalent of strict liability. Because strict liability focuses on risk allocation, it has been deemed inappropriate in §1983 litigation, <u>Jennings v. Davis</u>, 476 F.2d 1271 (8th Cir., 1973).

In the case of business torts, the master usually bears some, if not all, of the responsibility of the servant. In the

case of government superiors, this is usually not the case due to the merit system. In the business context, the employer frequently has a deeper pocket and this is not normally the case with government superiors. Thus, a superior in a §1983 action does not and should not have a constitutional duty, based solely upon position, to compensate a plaintiff whose constitutional rights have allegedly been violated by others.

Without question, the courts require a causal connection between the conduct of the person sought to be held liable and the plaintiff's constitutional violation. This causal connection may be established either by the showing of a direct order from the superior or a custom or policy established by the superior. Howell v. Tanner, 650 F.2d 610, 615 (5th Cir., 1981); Vasquez v. Snow, 616 F.2d 217 (5th Cir., 1980).

In the case at bar, Plaintiff has not alleged that a direct order or a custom or policy instituted by this Defendant resulted in a violation of 42 U.S.C. 1983. Neither has there been any showing whatsoever of this Defendant's involvement in the incident giving rise to the case at bar.

For some time now, the law in this Circuit has been that vicarious liability is not a viable theory for recovery in a Section 1983 action. Baskin v. Parker, 602 F.2d 1205 (5th Cir. 1979); Wanger v. Bonner, 621 F.2d 675 (5th Cir., 1980).

The Court of Appeals in Wanger, supra, stated:

> "In Baskin, this court held that a sheriff could not be held liable under 42 U.S.C. 1983 for the unlawful actions of his deputies on the basis of vicarious liability. Id at 208. Subsequent to Baskin, a plaintiff seeking to impose liability upon a supervisory official for the acts of his subordinates must show that the official was personally involved in the activities resulting in the deprivation of the plaintiff's constitutional rights. Watson v. Interstate Fire & Casualty Co., 611 F.2d 120 (5th Cir., 1980)."

In order to prevail, the plaintiff must establish a causal connection between an act of the supervisory official and the alleged constitutional violation. Henzel v. Gerstein, 608 F.2d 654 (5th Cir., 1979).

The Fifth Circuit has held that a supervisory official cannot be liable merely for failing to adopt policies to prevent constitutional violations. Liability attaches only when the official affirmatively adopts such policies which are wrongful or legal. Vela v. Smith, 703 F.2d 147 (5th Cir., 1983); Reimer v. Smith, 663 F.2d 1316 (5th Cir., 1981); Rizzo v. Goode, supra; Lozano v. Smith, 718 F.2d 756 (5th Cir., 1983).

There have been no allegations or showing that this Defendant instigated, set in motion, or were responsible for any policy or procedure that allegedly resulted in the unconstitutional treatment of Plaintiff.

In summary, the Plaintiff cannot travel under a theory of

Respondent Superior to hold this Defendant liable for the alleged constitutional claims of Plaintiff under 42 U.S.C. 1983.

Numerous courts have also ruled that a theory of Respondent Superior is inapplicable to a case filed under 42 U.S.C. 1983. DiMaggio v. O'Brien, 497 F.Supp. 870 (D.C. Pa. 1980); Edmonds v. Dillin, 485 F.Supp. 722 (D.C. Ohio 1980); Peck v. U.S., 470 F.Supp. 1003 (D.C. NY 1979).

Wherefore the premises considered, Defendant Allen prays this Court to grant summary judgment in his favor.

Respectfully submitted,

Kim T. Thomas
General Counsel
Assistant Attorney General


/s/Albert S. Butler
Albert S. Butler
Assistant General Counsel
Assistant Attorney General



**ADDRESS OF COUNSEL:**

Alabama Department of Corrections
Post Office Box 301501
301 South Ripley Street
Montgomery, Alabama 36130-1501
334-353-3885

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of October 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following (or by U.S. Mail to the non-CM-ECF participants):

Haskell, Slaughter, Young & Gallion
P. O. Box 4660
305 South Lawrence Street
Montgomery, AL  36103-4660

John Greer, AIS #87837
Montgomery County Detention Facility
P. O. Box 4599
Montgomery, Alabama 36003

/s/Albert S. Butler
Albert S. Butler

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JOHN GREER, #87837,           )
                              )
    Plaintiff,                )
                              )
vs.                           )   2:06-CV-783-ID
                              )
SHERIFF D.T. MARSHALL, et al.,)
                              )
    Defendants.               )

## AFFIDAVIT

STATE OF ALABAMA        X
                        X
MONTGOMERY COUNTY       X

Before me, the undersigned authority, a Notary Public, in and for said County and State of Alabama at Large, personally appeared Richard F. Allen, who being known to me and being by me first duly sworn, deposes and says on oath as follows:

My name is Richard F. Allen. I am presently employed as Commissioner of the Alabama Department of Corrections. I am over twenty-one (21) years of age.

I do not know the Plaintiff in this matter and to my knowledge have not had any contact with him. As Commissioner, I do not control the daily operation of the Montgomery County Jail or any other various institutions of the State, and had no involvement in the alleged incident.

I deny that I have violated the Plaintiff's constitutional rights in any way.

_____
Richard F. Allen
Commissioner

JOHN GREER, #87837
2:06-CV-783-ID

Page 2

SWORN TO AND SUBSCRIBED before me this 28th day of September 2006.

_Kay P. Hope_
NOTARY PUBLIC
MY COMMISSION EXPIRES 3/31/08